TAYLOR et al., appellants, *v.* STEWART et al., respondents.

PRACTICE—*finding of fact—admissions.* A note "not submitted for the reason that defendants conceded these facts," which was written by the judge at the trial in refusing to submit an issue to the jury, is not the finding of a fact stated in the issue, nor a record of its admission.

PRACTICE—*manner of admitting facts.* The admission of a fact during the trial must be made by the party, or his attorney, in a distinct and formal manner in open court and imports verity.

PRACTICE —*refusal to submit issues.* It is error for the court to refuse to submit an issue to the jury on the ground that it is an admitted fact, if there has not been a solemn admission of the fact.

PRACTICE— *exceptions to reasons.* Parties cannot except to the reasons given by the court for its rulings.

*Appeal from the Third District, Lewis and Clarke County.*

THIS action was tried in October, 1869, before SYMES, J.

The jury found the following special findings : That Taylor and others, at the time of the commencement of the suit, did not have the exclusive right, by prior appropriation, to the water flowing from the springs in dispute ; that Taylor and others appropriated and run in their pipes about nine inches of water ; that the citizens of Helena had no other means of procuring water except these springs at the time the pipes were put to the springs ; that Stewart and others were using the water flowing into Last Chance gulch, for mining purposes on other claims in said gulch, before they commenced mining on the ground the springs were on, and before Taylor and others put their pipes to the springs and appropriated the same; that the miners of Last Chance gulch and Stewart and others, up to December 2, 1867, never used for mining purposes any water of these springs, except such portion as exceeded the amount used by the citizens of Helena ; and that Taylor and others, up to December 2, 1867, did not divert from the miners of Last Chance gulch, or Stewart and others, more of said water than the citizens of Helena used.    The action was commenced on December 2, 1867.

The other facts appear in the opinion.

WOOLFOLK & TOOLE, for appellants.

It is admitted that appellants supplied Helena with water from certain springs ; that respondents were working in the vicinity of the springs, and would sink the springs if they continued to work ; that appellants took up this water before respondents located their mining ground ; and that appellants claimed only a portion of those springs.

Appellants were entitled to protection in the enjoyment of a portion of the springs as much as if they owned the whole. *McKinney* v. *Smith*, 21 Cal. 374.

Did the court enter the proper decree upon these findings and admissions? Civ. Prac. Act, § 174; *Lucas* v. *City of San Francisco*, 28 Cal. 591; *Allen* v. *Hill*, 16 id. 117.

There is nothing in the findings that will justify respondents in sinking the springs in dispute. They were not the oldest appropriators of the springs. It does not appear that respondents owned the "other claims," referred to in the findings, or had any title to the water used upon them, at the time any of the respondents mined the "other claims." Special findings, if relied upon as the basis of a judgment, must be sufficient to show a legal conclusion of liability, without reference to extrinsic facts. *Woodson* v. *McCune*, 17 Cal. 298; *Garfield* v. *K. F. & T. M. W. Co.*, id. 512.

Admitting that respondents had appropriated water to use on mining claims below the springs, before appellants had laid their pipes, respondents had no right to come up to the source of the springs, after the appellants had laid their pipes, and then locate other claims and sink the springs in working them. *Nevada W. Co.* v. *Powell*, 34 Cal. 109. This action did not involve the rights of respondents to use the water on the "other claims." The findings of the jury show that none of the respondents or miners ever appropriated that portion of the springs that flowed in the pipes of appellants. Respondents failed to show any title to the springs or right to sink them.

The findings and admissions entitled appellants to an injunction and a decree of title to nine inches of the water. Prior appropriation of water is entitled to protection. *Levaroni* v. *Miller*, 34 Cal. 234; *Hill* v. *Smith*, 27 id. 476.

CHUMASERO & CHADWICK and SHOBER & LOWRY, for respondents.

Appellants can claim no rights on account of the rights of the citizens of Helena to the use of the springs. The record does not show the evidence in that court below, and

this court cannot disturb the judgment without the evidence and admitted facts. Appellants were not entitled to an injunction under the facts found by the jury. Angell on Water-courses, 121–124. The findings do not show that appellants were entitled to any affirmative relief against respondents. Respondents asked for no affirmative relief.

All presumptions are in favor of the correctness of the judgment of the court below, and the judgment should be affirmed. *Owen* v. *Morton*, 24 Cal. 375; *Emmal* v. *Webb*, 36 id. 197.

KNOWLES, J. This is an action for an injunction to restrain the respondents from so working certain mining grounds as to sink certain springs, the waters of which appellants had appropriated.

The court below, on the findings of the jury, refused to grant the prayer of appellants, and gave judgment to the respondents for costs. From this judgment appellants appeal to this court. There are no assignments of error in the transcript. The only exception that appears in the record is one to the ruling of the court in refusing to sustain appellants' motion for a decree. This, then, is the only point this court can consider.

Appellants claim that the findings of the jury, together with the admissions of respondents, entitled them to a decree. The findings of the jury alone were not sufficient to entitle them to this. In any light in which this case can be considered, to entitle appellants to recover, it was necessary for them to establish the fact that they appropriated the waters of these springs before respondents located the mining ground, the working of which was sinking them. The jury did not find any such fact; no issue involving such a fact was submitted to them. The appellants, however, claim that respondents admitted this fact. They requested the court below to submit to the jury this issue:

"Did the plaintiffs and their grantors appropriate so much of the waters of the springs in controversy, as was necessary to furnish and supply the citizens and inhabitants

of Helena with water for drinking, culinary and other pur-
poses, before defendants took up and located their mining
ground?"

To this the court appended the following note: ",Not
submitted, for the reason that defendants conceded these
facts."

The question presents itself: How did defendants con-
cede this fact? It is not admitted in the pleadings, for the
defendants join issue upon it in their answer. Can this note
be considered the record of the admission of this fact by
the attorneys for respondents, in open court, or by the
respondents themselves, to save time or the expense of
proving it?

There is no difference, I conceive, in the manner in which
this admission should be made, whether by the parties
themselves or their attorneys. Greenleaf, in his work on
Evidence, vol. 1, § 186, says of admissions of attorneys in
open court for this purpose: "But to this end they must
be distinct and formal, or such as are termed solemn admis-
sions, made for the express purpose of alleviating the strin-
gency of some rule of practice, or the dispensing with the
formal proof of some fact at the trial."

Can this note of the judge, assigning reasons for not
submitting an issue to a jury, be considered the record or
evidence of such a formal, distinct and solemn admission
as is here contemplated? It was not made for that purpose.
Neither one of the parties, as far as the record shows, had
any thing to do with this record, if it can be called one.
The appellants, who were the most interested in having
such an admission made, asked to have an issue presented
to the jury to determine these facts; and they ask the court
to instruct the jury that this issue is the only one they
have to deal with, so far as the controversy, as to the right
to mine the ground upon which the springs are situated, is
concerned. Surely the appellants could not have under-
stood that any formal and solemn admission of this fact
had been made by respondents, as to dispense with their
proving it. If this is such a solemn or formal admission

of this fact, then it imports verity, and this court must consider that it was made in open court in a direct and formal manner. If this was not the truth, the only way it could be attacked would be directly to correct the record ; yet, undoubtedly, in this case, had appellants objected to the ruling of the court in not submitting this issue to the jury, and had presented this court with a full and complete transcript of all the proceedings therein, and it did not appear that any formal or solemn admission had been made of this fact, this court would certainly have found that there was error sufficient to reverse the judgment of the court below, unless, after further consideration, it was found that respondents ought to have judgment notwithstanding this fact.

It cannot, then, be said that this is such a record of that admission as imports verity ; for we have seen that, had the ruling been excepted to, without some support it would fall, while, if it imported verity, it would rest upon itself and need no support.

The only question presented the court was, whether or not to submit this issue. To the ruling upon this point the parties might except. It would be an anomaly in practice to require parties to examine the reasons a court might assign for a ruling and except to these. They might be wrong and the ruling right. For these reasons this court must hold that this note of the judge was no record of any such admission. There was a similar note to some other issues the appellants asked to be submitted. This, however, stands upon the same footing as the one considered.

If it is claimed that this is not the record of such formal or solemn admissions as those treated of above, it may be answered that no other class of admissions require such a record to be made of them. The general admissions of parties are only evidence in the cause, which might go to the jury to be taken into consideration by them in making up their findings. Neither can this be considered as a finding by the court. The court does not pretend to find the fact. The note of the judge was not appended for any such

purpose. To give this note any other or more extended meaning than the court intended, would not be good practice. The court intended it only as a reason for his ruling, and not as the record of an admission or as a finding.

Appellants should have asked the court to have found this fact, or to present the issue to the jury for them to find it. When refused they should have excepted, unless they could present to this court some proper record of the admission of the fact.

The judgment of the court below is affirmed.

*Judgment affirmed.*